Phyllis B. MARSHALL, Appellee,

v.

SISTERS OF the PALLOTINE MISSIONARY SOCIETY d/b/a St. Mary's Hospital, Appellant.

No. 82–1250.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1983.

Decided March 30, 1983.

Norman K. Fenstermaker, Huntington, W.Va. (Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., on brief), for appellant.

James Allan Colburn, Huntington, W.Va. (Baer & Colburn, L.C., Huntington, W.Va., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

This is an action by an employee against her employer for damages resulting from injuries she suffered while at work. Because West Virginia's workmen's compensation statute generally shields an employer from common law tort actions for personal injuries suffered by an employee during the course of his employment, a plaintiff may bring suit only if his case falls within an exception to the statute. Plaintiff contends here, as she did below, that her case falls within the exception construed by the West Virginia Supreme Court in *Mandolidis v. Elkins Industries, Inc.,* 246 S.E.2d 907 (W.Va.1978), for injuries caused by "willful, wanton or reckless misconduct." The district court submitted the case to a jury, which found for plaintiff. We now conclude that the tortious conduct at issue here does not rise to the level contemplated by the West Virginia Supreme Court in *Mandolidis.* We therefore reverse.

### I.

On the day of her injury, plaintiff was employed in the dishroom of defendant's hospital. The dishroom contained a large table with a conveyor running from one end to the other. At the end of the conveyor where plaintiff worked were two openings over large garbage disposals. The dishroom employees picked up the dirty dishes as they reached the end of the conveyor and scraped their contents into one of the disposal openings.

Plaintiff testified that in late November or early December 1978 the disposal on one side of the table stopped functioning. It was removed and a part needed to repair the unit was ordered. In the meantime, a five gallon bucket was placed under the opening where the disposal had been to catch the food scraped from the dirty dishes. Plaintiff testified, however, that the bucket did not catch all of the scrapings, and that the spilled water and food made the floor wet and slippery. On March 14, 1979, plaintiff was carrying a tray of silverware near the scrape table when she slipped on some food scraps on the floor and fell, causing a compression fracture of the seventh dorsal vertebra.

### II.

This court has discussed the West Virginia Supreme Court's decision in *Mandolidis* at considerable length in *Smith v. ACF Industries, Inc.,* 687 F.2d 40, 42–43 (4th Cir.1982). In *Smith* we concluded that although plaintiff had proven some negligence, he did not "prove the kind of intentional and unreasonable exposure of employees to a great, recognized risk of serious harm, as contemplated by the *Mandolidis* standards." *Id.* at 43.

A number of facts were relevant to our decision in *Smith.* The condition that caused plaintiff's injury had existed for nine years, during which the condition had occasioned no serious or even substantial injury. The court reasoned that the employer might reasonably have believed, from this absence of injuries, that its warning system made the equipment safe.

### III.

Plaintiff has offered no evidence to bring her case within the *Mandolidis* standards. Plaintiff did testify that sometime after the disposal was removed another employee, Cynthia Gay, slipped and fell while coming around to the side of the table where the five gallon bucket was emptied into the other disposal. But plaintiff did not explain why Mrs. Gay fell, or whether she was injured in any way. Similarly, plaintiff testified she saw Margaret Hagley slip in the dishroom, but did not state any reason

for the slip or whether Mrs. Hagley was injured. More importantly, plaintiff failed to proffer any evidence that her employer was aware of these two incidents.

In the absence of any evidence that the employer knew that its employees were unreasonably exposed "to great, recognized risks of serious harm," *Smith,* 687 F.2d at 43, plaintiff cannot satisfy the *Mandolidis* standard.

The defendant's motion for a directed verdict was erroneously denied.

REVERSED.